IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM B. McMULLIN, JR.,

                Plaintiff,

v.

CHRIS MEYER and WOOD COUNTY JAIL,

                Defendants.

OPINION and ORDER

22-cv-260-jdp

---

Pro se plaintiff William B. McMullin, Jr. has filed a complaint about his arrest and conditions of confinement while he was detained at the Wood County jail. The case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. McMullin's complaint doesn't comply with the Federal Rules of Civil Procedure, so I will dismiss the complaint and give McMullin an opportunity to correct the problems identified in this order.

ANALYSIS

McMullin's complaint contains allegations about four unrelated issues:

1) When defendant Chris Meyer arrested McMullin, Meyer didn't read McMullin his *Miranda* rights, and he "refused to take any of [McMullin's] medication."

2) "Wood County jail" didn't give McMullin his insulin for two days, resulting in McMullin's hospitalization.

3) McMullin wasn't allowed to shower for five days.

4) McMullin didn't receive meals appropriate for his diabetes.

I cannot allow McMullin to proceed on any of these claims because his complaint violates the Federal Rules of Civil Procedure. Rule 8 requires the plaintiff to provide fair notice to each defendant about what he or she did wrong. In this case, McMullin alleges that Meyer

failed to read his *Miranda* rights and refused to bring any of his medication to the jail upon his arrest. But McMullin doesn't explain who was responsible for any of the other alleged violations. The "Wood County jail" can't be sued. *See. Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). McMullin must identify individual defendants who violated his rights, and he must explain what each of them did wrong. Wood County can be sued, but only if McMullin identifies a county policy or practice that caused the violation of his rights. *See McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011). McMullin hasn't done that.

Further, McMullin must explain how he was harmed by defendants' alleged conduct. He says that he was hospitalized because he didn't have insulin, but he doesn't explain how he was harmed by being unable to shower for five days or by not having diabetic meals. He also doesn't explain what was wrong with the meals he received, and how they should have been different.

There is another problem because McMullin's complaint includes unrelated claims. Rule 20 and Rule 21, as well as the court's inherent authority, allow courts to sever unrelated claims that are filed in the same lawsuit. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863–64 (7th Cir. 2018); *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). As the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Lawsuits with unrelated claims are both unfair to defendants (who must participate in proceedings that have little to do with them) and difficult to manage for the court and the plaintiff (who may find it impossible to litigate unrelated claims at the same time, with or without a lawyer). *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits . . . to

prevent the sort of morass produced by multi-claim, multi-defendants suits.") (internal quotations omitted). Thus, when a plaintiff tries to cram too much into one case, the court may require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." *Wheeler*, 689 F.3d at 683.

The allegations in McMullin's complaint make up what should be four separate lawsuits: 1) the claims against Chris Meyer; 2) the denial of insulin medication; 3) the denial of showers; and 4) the denial of a special diet for McMullin's diabetes. Under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), only one of the above potential lawsuits may proceed as Case No. 20-cv-260-jdp. McMullin will have to choose which lawsuit that is.

I will give McMullin an opportunity to file an amended complaint that addresses both problems. First, the amended complaint should include only one of the potential lawsuits identified above. Specifically, the complaint should be limited to: 1) the claims against Chris Meyer; OR 2) the denial of insulin medication; OR 3) the denial of showers; OR 4) the denial of special diet for McMullin's diabetes. If McMullin wishes to litigate more than one of those lawsuits, he must file a separate complaint for *each* lawsuit. If McMullin files an amended complaint that includes more than one of the issues identified above, I will dismiss the case for failing to comply with a court order.

Second, for any claim that McMullin wishes to bring, he must explain how each defendant was personally involved in violating his rights and how he has harmed by each defendant. If he fails to do that, I will dismiss that defendant or those defendants for failure to state a claim upon which relief may be granted.

Once McMullin complies with these requirements, I will screen the complaint or complaints as required under 28 U.S.C. § 1915(e)(2) and § 1915A. If McMullin disagrees with

3

the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order.

ORDER

IT IS ORDERED that:

1. Plaintiff William B. McMullin's complaint is DISMISSED for failure to provide fair notice to the defendants as required by Federal Rule of Civil Procedure 8.

2. McMullin may have until November 4, 2022, to file an amended complaint or amended complaints that address the problems identified in this order. If McMullin doesn't respond, I will screen McMullin's claims against Meyer and dismiss the remaining claims for failure to state a claim.

Entered October 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge