IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM B. McMULLIN, JR.,

                Plaintiff,

v.

CHRIS MEYER and WOOD COUNTY JAIL,

                Defendants.

OPINION and ORDER

22-cv-260-jdp

---

    Pro se plaintiff William B. McMullin, Jr. filed a complaint in which he alleged that defendant Chris Meyer violated his rights by arresting him without reading his *Miranda* rights and by refusing to take McMullin's medication to the jail at the time of his arrest. He also complained about his conditions of confinement at the Wood County jail. In a previous order, I concluded that I could not screen the complaint because McMullin included unrelated claims against different defendants, in violation of Federal Rule of Civil Procedure 20, and he didn't provide fair notice of his claims regarding his conditions of confinement, in violation of Rule 8. Dkt. 6. I gave McMullin an opportunity to file an amended complaint that fixed the problems I identified, and I told him that I would screen his claims against Meyer and dismiss the remaining claims if he didn't respond to the order. *Id.*

    Meyer did not respond to the court's order, so I will screen his claims against Meyer in accordance with 28 U.S.C. § 1915(e)(2), which requires the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742,

751 (7th Cir. 2011). But McMullin must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

McMullin's claims against Meyer do not state a claim upon which relief may be granted, so I will dismiss them with prejudice. I will dismiss the remaining claims without prejudice to McMullin's refiling them at a later date.[1]

ANALYSIS

McMullin's claim that Meyer failed to read him his *Miranda* rights does not require extended discussion. The Supreme Court recently held that a failure to comply with the requirements in *Miranda v. Arizona*, 384 U.S. 436 (1966), does not provide a basis for suing an officer for money damages. *See Vega v. Tekoh*, 142 S. Ct. 2095, 2099 (2022). So I will dismiss the *Miranda* claim.

As for McMullin's allegation that Meyer refused to take McMullin's insulin to the jail, the Fourth Amendment requires arresting officers to act reasonably while a suspect is in their custody, and this includes providing medical care under some circumstances. *See, e.g., Braun v. Village of Palatine*, 56 F.4th 542, 551 (7th Cir. 2022); *Otis v. Demarasse*, 886 F.3d 639, 645–46 (7th Cir. 2018); *Florek v. Village of Mundelein, Ill.*, 649 F.3d 594, 600 (7th Cir. 2011). But cases like *Braun*, *Otis*, and *Florek* all involved medical care that the arrestee needed at the time of the arrest. For example, in *Florek*, the court considered whether officers violated the Fourth Amendment when they refused the arrestee's request for baby aspirin, and the court concluded

---

[1] In the previous order, I said that I would dismiss McMullin's conditions-of-confinement claims for failure to state a claim if he failed to file an amended complaint. But dismissals for Rule 20 violations are generally without prejudice, so McMullin remains free to file a separate lawsuit about his conditions at the jail.

that they didn't because the arrestee did not appear to be in distress, officers had a reasonable concern that the medication could have been something other than aspirin, and they summoned emergency assistance when the arrestee requested it. 649 F.3d at 600.

In this case, McMullin doesn't allege that he needed insulin at the time of his arrest. Rather, he wanted to bring his medication with him because he would need it in the future.

I am not aware of any authority holding that an officer has a constitutional duty to ensure that an arrestee will receive proper care after he is transferred to the jail. *See Paine v. Cason,* 678 F.3d 500, 511 (7th Cir. 2012) ("[A]n officer who makes an arrest is not responsible for providing medical care while the person is in custody."). At that point, an arrestee's medical care becomes the responsibility of jail staff. *Ortiz v. City of Chicago*, 656 F.3d 523 (7th Cir. 2011), is an example of this. The arrestee in that case was a diabetic, and she asked the arresting officers to bring her medications along when she was arrested. They refused, citing a policy that prohibited prescription medications in lockup. After booking, the arrestee was repeatedly denied medical care, and she ultimately died, leading to a lawsuit by her family alleging that her death was caused by not having her medications. The court of appeals questioned whether it was "wise" to prohibit arrestees from bringing their medications to jail, but the court didn't suggest that such a policy was unconstitutional. *Id.* at 531. Instead, the court stated: "When a state actor detains a known diabetic in a facility that separates her from the drugs that keep her alive, it must take her medical needs into account in deciding what justifies a trip to the hospital." *Id.* This suggests that there is no constitutional rule that requires arrestees to have their prescription medications with them, but if arrestees are deprived of their medication, jail officials have a corresponding duty to provide a substitute prescription or other necessary care.

*Ortiz* doesn't expressly say that officers have no constitutional obligation to allow an arrestee to take his medications to the jail, so there is some room for doubt. And there is a plausible argument that officers should have a duty in situations in which the need for medication is serious and the officer had reason to know that medical staff at the jail won't be able to obtain the medication before the arrestee needs it. But this is where qualified immunity comes in. That doctrine applies when the law isn't clearly established that an official violated the plaintiff's constitutional rights. *Cibulka v. City of Madison*, 992 F.3d 633, 639–40 (7th Cir. 2021). That's the situation here. There is no case law directly addressing McMullin's situation, and basic Fourth Amendment principles don't obviously entitle an arrestee to take his medications with him to jail.

Under § 1915(e)(2)(B)(iii), I must dismiss any claims for "monetary relief against a defendant who is immune from such relief." This rule encompasses claims that are barred by qualified immunity at the screening stage. *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). Accordingly, I will dismiss McMullin's claim regarding taking his medications to jail.

ORDER

IT IS ORDERED that:

1. Plaintiff William McMullin, Jr.'s claims against Wood County Jail regarding his conditions of confinement are DISMISSED without prejudice.

2. McMullin's claim against defendant Chris Meyer for failing to read him his *Miranda* rights is DISMISSED with prejudice for failure to state a claim. McMullin's claim against Meyer for refusing to allow McMullin to bring his medications to jail is DISMISSED with prejudice because Meyer is entitled to qualified immunity on that claim.

3. The clerk of court is directed to enter judgment and close the case.

Entered February 22, 2023.

                                          BY THE COURT:

                                          /s/

                                          _____

                                          JAMES D. PETERSON
                                          District Judge